# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHERYL ANN ROSE,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 17-03940-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Cheryl Ann Rose ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Social Security Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is reversed and this matter is remanded.

## I.
## BACKGROUND

Plaintiff filed an application for DIB alleging disability beginning on August 27, 2012. See Administrative Record ("AR") 34, 173-74. Her claim

was denied both initially and on reconsideration. See AR 122-25, 129-33. Plaintiff then requested and received a hearing before an administrative law judge ("ALJ"). See AR 135-41. During her hearing on April 21, 2016, the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See AR 58-89.

At the hearing, the ALJ asked the VE whether a hypothetical person of Plaintiff's age, education, and work experience with the residual functional capacity ("RFC") to perform light work with some additional non-exertional limitations would be able to perform her past relevant work. See AR 84. The ALJ responded, "no." Id. The ALJ then asked, "[H]ow about [other] jobs because obviously sedentary are also included?" Id. The VE responded, "Yes. Jobs that would meet that hypothetical would include the position of information clerk." Id. The VE then identified that position as semi-skilled, sedentary work, and stated, "That would be the only position . . . that has transferable skills . . . [g]iven that hypothetical." AR 85.

On June 28, 2016, the ALJ issued a written decision denying Plaintiff's claims for benefits. See AR 34-40. Despite finding that Plaintiff suffered from severe multiple sclerosis beginning in August 2012, the ALJ determined that her impairments did not meet or equal the severity of a listed impairment. See AR 36-37. He also found that Plaintiff retained the RFC to perform sedentary work except: standing and walking up to 4 hours in an 8-hour day with no limitation on sitting; using a lightweight walker with a seat for long distances and uneven terrain; lifting 20 pounds occasionally and 10 pounds frequently; climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling occasionally; and limiting Plaintiff to no work at heights, around heavy machinery, and around exposure to extreme temperatures, chemicals, dust, fumes, and gases. See AR 37.

The ALJ found that Plaintiff was unable to perform her past relevant

work as a billing coordinator or scheduling coordinator. See AR 39. Relying on the VE's testimony, the ALJ found that Plaintiff's skills acquired in her past relevant work would enable her to perform the occupation of information clerk. See AR 39-40. The ALJ thus concluded that a finding of "not disabled" was thus warranted. AR 40.

On March 28, 2017, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-5. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether the ALJ erred by failing to identify the vocational adjustment required for Plaintiff's skills to be transferable to the occupation of information clerk. See Dkt. 17, Joint Stipulation ("JS") at 4.

Once the ALJ determines that a claimant cannot do her past relevant work, the Commissioner must demonstrate that the claimant can perform work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). The Commissioner can meet this burden through the testimony of a VE, asking the VE to identify jobs that a hypothetical individual with the same characteristics as the claimant would be able to do. See id. at 1101.

When a claimant is older, Social Security regulations recognize that age may limit the claimant's ability to adapt to other work. The Social Security regulations define someone age 55 or older as a person of "advanced age." 20 C.F.R. § 404.1563(e). Because being 55 or older "significantly affects a person's ability to adjust to other work," the regulations have "special rules for persons of advanced age." Id. One of those rules requires that "[i]n order to find transferability of skills to skilled sedentary work . . . there must be very

little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. pt. 404, Subpt P, App. 2, § 200.00(f) (emphasis added); accord 20 C.F.R. § 404.1568(d)(4) ("If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.").

In the present case, Petitioner was 53 years old on the alleged disability onset date of August 27, 2012, and 56 years old at the time of the ALJ's decision. See AR 39.[1] The ALJ found that Plaintiff's skills were transferable to the sedentary work of information clerk without making any finding about the nature of any vocational adjustment. See AR 40. Plaintiff argues that this was an error that requires remand. See JS at 6. The Court agrees.

The ALJ must either make a finding of very little vocational adjustment or otherwise acknowledge that a more stringent test is being applied which takes into consideration claimant's age. See Renner v. Heckler, 786 F.2d 1421, 1424 (9th Cir. 1986); see also Barajas v. Colvin, No. 15-1208, 2016 WL 4149959, at *7 (C.D. Cal. Aug. 3, 2016) ("Where, as here, the ALJ finds a claimant of advanced age has transferable skills but does not explicitly find little vocational adjustment required, the ALJ errs.").

Here, for at least part of the relevant time period, Plaintiff was a person of "advanced age." It was therefore necessary for the ALJ to make a finding that the occupation of information clerk would require "very little" vocational adjustment in terms of tools, work processes, work settings, or the industry.

---

[1] The Commissioner must use "each of the age categories that applies" to a claimant "during the period for which [the Commissioner] must determine if [the claimant is] disabled." 20 C.F.R. § 404.1563(b).

4

The ALJ did not make such a finding, and the VE's testimony did not offer any basis for such a finding. In fact, the ALJ's opinion gives no indication about the level of any vocational adjustment, and fails to even motion vocational adjustment. Under these circumstances, a remand is necessary.

The Commissioner argues that the "very little" adjustment standard is inapplicable to Plaintiff because the ALJ found an RFC that exceeded sedentary work in that the ALJ found that Plaintiff could lift 20 pounds occasionally and stand/walk for up to 4 hours in an 8-hour day. See JS at 10. But the ALJ described Plaintiff's RFC as the "residual functional capacity to perform sedentary work," and further noted that she "requires a light weight walker with a seat for long distances and uneven terrain." AR 37. The ALJ also found that her skills would transfer to information clerk, which is sedentary work. See AR 40. As a result, the Commissioner's contention is unpersuasive. See Davis v. Berryhill, No. 16-2328, 2017 WL 1407637, at *3 (C.D. Cal. Apr. 19, 2017) (rejecting contention that claimant's RFC exceeded sedentary work because claimant could stand/walk for 4 rather than 2 hours).

Nor is the Court persuaded by the Commissioner's contention that Plaintiff waived this issue by failing to question the VE about transferable skills. See JS at 12. Here, the ALJ had the express duty to make a finding about the nature of any vocational adjustment. See Renner, 786 F.2d at 1424 ("Thus the ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration appellant's age."). The Ninth Circuit has declined to find a waiver in similar circumstances, noting instead that any failure by counsel cannot relieve the ALJ of an express duty. See Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017).

///

///

# III.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings.

Dated: October 19, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge